MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JESSICA GARCIA, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| LA GRAN COLOMBIA BAKERY INC. | |
| (D/B/A LA NUEVA COLOMBIA), LA | **ECF Case** |
| GRAN COLOMBIA BAKERY & PIZZERIA, | |
| INC. (D/B/A LA NUEVA COLOMBIA), | |
| NADIA ALMADA and ALEX CASTRO, | |
| *Defendants*. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Jessica Garcia ("Plaintiff Garcia" or "Ms. Garcia"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against La Gran Colombia Bakery Inc. (d/b/a La Nueva Colombia ), La Gran Colombia Bakery & Pizzeria, Inc. (d/b/a La Nueva Colombia), ("Defendant Corporations") Nadia Almada and Alex Castro, (collectively, "Defendants"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiff Garcia is a former employee of Defendants La Gran Colombia Bakery Inc. (d/b/a La Nueva Colombia ), La Gran Colombia Bakery & Pizzeria, Inc. (d/b/a La Nueva Colombia), Nadia Almada and Alex Castro.

2.	Defendants own, operate, or control a Colombian Restaurant, located at 91-07 31st Avenue, East Elmhurst, NY 11369 under the name "La Nueva Colombia."

3.	Upon information and belief, Defendants Nadia Almada and Alex Castro, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operates or operated the restaurant as a joint or unified enterprise.

4.	Plaintiff Garcia was employed as a waitress, bartender and food preparer at the restaurant located at 9107 31st Avenue, East Elmhurst, New York 11369.

5.	Plaintiff Garcia was ostensibly employed as a waitress and bartender. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to taking out the garbage, preparing food and cleaning the tables (hereafter the "non-tipped duties").

6.	At all times relevant to this Complaint, Plaintiff Garcia worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.	Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Garcia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.	Further, Defendants failed to pay Plaintiff Garcia the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.	Furthermore, Defendants repeatedly failed to pay Plaintiff Garcia's wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Garcia as a waitress and bartender in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Garcia at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Garcia's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Garcia's actual duties in payroll records by designating her as a waitress and bartender instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Garcia at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Garcia's and other tipped employees' tips and made unlawful deductions from Plaintiff Garcia's and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Garcia to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff Garcia now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Garcia seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Garcia's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Colombian Restaurant located in this district. Further, Plaintiff Garcia was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Jessica Garcia ("Plaintiff Garcia" or "Ms. Garcia") is an adult individual residing in Queens County, New York.

22.     Plaintiff Garcia was employed by Defendants at La Nueva Colombia from approximately May 2019 until on or about February 4, 2021.

23.     Plaintiff Garcia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a Colombian Restaurant, located at 91-07 31st Avenue, East Elmhurst, NY 11369 under the name "La Nueva Colombia."

25.     Upon information and belief, La Gran Colombia Bakery Inc. (d/b/a La Nueva Colombia ) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 9107 31st Avenue, East Elmhurst, New York 11369.

26.     Upon information and belief, La Gran Colombia Bakery & Pizzeria, Inc. (d/b/a La Nueva Colombia) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 91-07 31st Avenue, East Elmhurst, NY 11369.

27.     Defendant Nadia Almada is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nadia Almada is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nadia Almada possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Alex Castro is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Castro is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Alex Castro possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a Colombian Restaurant located in the East Elmhurst section of Queens in New York City.

30.     Individual Defendant, Nadia Almada, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

31.     Individual Defendant, Alex Castro, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, that act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Garcia (and all similarly situated employees) and are Plaintiff Garcia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals. Upon information and belief, Individual Defendant Nadia Almada and Individual Defendant Alex Castro operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of his own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Garcia's services. In each year from 2019 to 2021, Defendants, both separately and jointly, had a grossannual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that areseparately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Garcia is a former employee of Defendants who was employed as a food preparer and ostensibly as a waitress and bartender. However, she spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jessica Garcia*

40.     Plaintiff Garcia was employed by Defendants from approximately May 2019 until on or about February 4, 2021.

41.     Defendants employed Plaintiff Garcia as a food preparer and ostensibly as a waitress and bartender.

42.     However, Plaintiff Garcia was also required to spend a significant portion of her work day performing the non-tipped duties described above.

43.     Although Plaintiff Garcia ostensibly was employed as a waitress and bartender, she spent over 20% of each day performing non-tipped work throughout her employment with

Defendants. Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

45.     From approximately May 2019 until on or about June 2019, Plaintiff Garcia worked from approximately 6:00 a.m. until on or about 3:00 p.m., Mondays through Wednesdays and from approximately 3:00 p.m. until on or about 12:00 a.m., Fridays through Sundays (typically 54 hours per week).

46.     From approximately July 2019 until on or about September 2019, Plaintiff Garcia worked from approximately 6:00 a.m. until on or about 3:00 p.m., Tuesdays through Sundays (typically 54 hours per week).

47.     From approximately September 2019 until on or about October 11, 2019, Plaintiff Garcia worked from approximately 3:00 p.m. until on or about 8:00 p.m. to 10:00 p.m., 6 days a week (typically 30 to 42 hours per week).

48.     From approximately October 12, 2019 until on or about November 23, 2019, Plaintiff Garcia worked from approximately 6:00 a.m. until on or about 3:00 p.m., Wednesdays through Sundays (typically 45 hours per week).

49.     From approximately November 23, 2019 until on or about May 2020, Plaintiff Garcia worked from approximately 3:00 p.m. until on or about 11:00 p.m. to 12:00 a.m., Thursdays through Sundays (typically 42 to 45 hours per week).

50.     From approximately June 2020 until on or about December 2020, Plaintiff Garcia worked from approximately 3:00 p.m. until on or about 11:00 p.m. to 1:00 a.m., Thursdays through Sundays (typically 32 to 40 hours per week).

51.     From approximately January 2021 until on or about February 4, 2021, Plaintiff Garcia worked from approximately 6:00 a.m. until on or about 3:00 p.m., Tuesdays and Wednesdays, from approximately 8:00 a.m. until on or about 5:00 p.m., Thursdays through Saturdays, and from approximately 7:00 a.m. until on or about 2:00 p.m., on Sundays (typically 52 hours per week).

52.     Throughout her employment, Defendants paid Plaintiff Garcia her wages in cash and through quick pay.

During the month of May 2019, Defendants paid Plaintiff Garcia $8.50 per hour.

53.     From approximately June 2019 until on or about May 2020, Defendants paid Plaintiff Garcia $9.50 per hour.

54.     From approximately June 2020 until on or about February 4, 2021, Defendants paid Plaintiff Garcia $10.00 per hour.

55.     For approximately five Sundays in the year 2020, Plaintiff Garcia did not receive any of the tips she earned.

56.     Defendants never granted Plaintiff Garcia any breaks or meal periods of any kind.

57.     Plaintiff Garcia was never notified by Defendants that her tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Garcia's wages.

59.     Defendants withheld a portion of Plaintiff Garcia's tips; specifically, Defendants withheld a portion of all the tips customers paid through credit card and used those tips for tax deductions, to replace money missing from the cashier, to pay for the meals that were left unpaid and to replace deliveries or pickup orders that were not delivered or not picked up.

60. Plaintiff Garcia was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

61. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

62. Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

63. Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64. Defendants required Plaintiff Garcia to purchase "tools of the trade" with her own funds—including shoes.

*Defendants' General Employment Practices*

65. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

66. Plaintiff Garcia was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

67. Defendants' pay practices resulted in Plaintiff Garcia not receiving payment for all her hours worked, and resulted in Plaintiff Garcia's effective rate of pay falling below the required minimum wage rate.

68.     Defendants required Plaintiff Garcia and all other tipped workers to perform general non-tipped tasks in addition to their primary duties as tipped workers.

69.     Plaintiff Garcia and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

70.     Plaintiff Garcia's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.     Plaintiff Garcia and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

72.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Garcia's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

73.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Garcia and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.     Defendants failed to inform Plaintiff Garcia who received tips that Defendants intended to take a deduction against Plaintiff Garcia's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76.     Defendants failed to inform Plaintiff Garcia who received tips, that her tips were being credited towards the payment of the minimum wage.

77.     Defendants failed to maintain a record of tips earned by Plaintiff Garcia who worked as a waitress and bartender for the tips she received.

78.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Garcia who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a waitress and bartenders of a portion of the tips earned during the course of employment.

79.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

80.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

81.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82.     Defendants paid Plaintiff Garcia her wages in cash and through pay pal.

83.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Garcia (and similarly situated individuals) worked, and to avoid paying Plaintiff Garcia properly for her full hours worked.

85.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Garcia and other similarly situated former workers.

87.     Defendants failed to provide Plaintiff Garcia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.     Defendants failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.     Plaintiff Garcia brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

90.     At all relevant times, Plaintiff Garcia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

91.     The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Garcia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants failed to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.     Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

99.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Garcia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to bedetermined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

103.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

104.     At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

105.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Garcia less than the minimum wage.

106.     Defendants' failure to pay Plaintiff Garcia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107.     Plaintiff Garcia was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

108.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

109.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Garcia overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110. Defendants' failure to pay Plaintiff Garcia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111. Plaintiff Garcia was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

112. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

113. Defendants failed to pay Plaintiff Garcia one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Garcia's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

114. Defendants' failure to pay Plaintiff Garcia an additional hour's pay for each day Plaintiff Garcia's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

115. Plaintiff Garcia was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

116. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

117. Defendants failed to provide Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.     Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

119.      Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

120.     With each payment of wages, Defendants failed to provide Plaintiff Garcia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.     Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

122.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

123.     Defendants required Plaintiff Garcia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  her job, further reducing  her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.     Plaintiff Garcia was damaged in an amount to be determined at trial.

## <u>NINTH CAUSE OF ACTION</u>

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

125.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

126.     At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128.     Defendants unlawfully misappropriated a portion of Plaintiff Garcia's tips that were received from customers.

129.     Defendants knowingly and intentionally retained a portion of Plaintiff Garcia's tips in violations of the NYLL and supporting Department of Labor Regulations.

130.     Plaintiff Garcia was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

131.      Plaintiff Garcia repeats and realleges all paragraphs above as though set forth fully herein.

132.     Defendants did not pay Plaintiff Garcia on a regular weekly basis, in violation of NYLL §191.

133.     Defendants are liable to Plaintiff Garcia in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgmentagainst Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Garcia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Garcia and the FLSA Class members;

(f)     Awarding Plaintiff Garcia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Garcia and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Garcia;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Garcia;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Garcia;

(n)     Awarding Plaintiff Garcia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Garcia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Garcia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Garcia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Garcia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Garcia demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

May 14, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

February 5, 2021

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jessica Garcia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Jessica            Garcia

Date / Fecha:

5 de febrero 2020